UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT BAKER, III,

    Plaintiff,

v.                                          Case No. 8:24-cv-434-TPB-CPT

EQUIFAX INFORMATION
SERVICES, LLC, EXPERIAN
INFORMATION SOLUTIONS,
INC., FAIR ISAAC CORPORATION,
and TRANS UNION LLC,

    Defendants.
_____/

**ORDER GRANTING "DEFENDANT EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, LLC, AND TRANS UNION LLC'S JOINT MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT"**

This matter is before the Court on "Defendant Equifax Information Services, LLC, Experian Information Solutions, LLC, and Trans Union LLC's Joint Motion to Dismiss Plaintiff's Amended Complaint," filed on April 25, 2024. (Doc. 46). Plaintiff Robert Baker III filed his response in opposition on May 16, 2024. (Doc. 48). Upon review of the motion, response, court file, and record, the Court finds as follows:

**Background**

Defendants Equifax, Experian, and Trans Union are credit reporting agencies (CRAs). Plaintiff filed suit against them and Defendant Fair Isaac Corporation

("FICO"), which develops credit scoring software that all three CRAs use to generate their consumer reports, for violations of the Fair Credit Reporting Act ("FCRA").

From January 1, 2023, through September 13, 2023, Plaintiff sought financing for an automobile. He visited multiple dealerships and sought financing approval from several lenders. All of them denied Plaintiff financing after they received consumer reports from Defendants Equifax, Experian, and Trans Union.

Plaintiff contends these reports were inaccurate, because they listed a "lack of recent revolving information" as a "key factor" affecting his score. Plaintiff was an authorized user of two revolving credit cards at the time, and both were listed on his consumer reports. Therefore, Plaintiff alleges that the statements about a lack of recent revolving information were inaccurate and violated § 1681e(b)'s requirement that CRAs "follow reasonable procedures to assure maximum possible accuracy" of information they report.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570. When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla.

1995).  Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff."  *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case."  *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

<u>Analysis</u>

Defendants Equifax, Experian, and Trans Union argue that Plaintiff failed to state a claim against them under 15 U.S.C. § 1681e(b), which requires a CRA preparing a consumer report to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  Therefore, the claims against them should be dismissed.

To state a claim under § 1681e(b), the plaintiff must allege both that a CRA produced an inaccurate consumer report and that they failed to follow reasonable procedures.  *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1251 (11th Cir. 2020).

*The Accuracy of the Reports*

A report will be deemed accurate if it is both "technically accurate" and "not misleading."  *Id*.  The consumer reports at issue in this case meet both these standards.  Although they stated that a "lack of recent revolving information" was a

"key factor" affecting Plaintiff's credit score, they listed other such "factors."[1]  They also listed the two revolving accounts on which Plaintiff was an authorized user.  The reports were therefore accurate when read as a whole.  *See Lacey v. TransUnion, LLC*, No. 8:21-cv-519-02-JSS, 2021 WL 2917602, at *4 (M.D. Fla. July 12, 2021) (In assessing the accuracy of a consumer report, the report "must be reviewed and considered in its entirety, instead of focusing on a single field of data.").  Furthermore, according to both parties, the reports relied on FICO's scoring algorithms, which exclude accounts on which an individual is an authorized user.  Although Plaintiff complains about the manner in which these FICO scores are calculated, these complaints cannot sustain his claims that the CRA reports were inaccurate.  *See Skurowitz v. Bank of America*, No. 21-61849-CIV-SMITH, 2023 WL 1810304, at *3 (S.D. Fla. Feb. 8, 2023) ("How third-party companies choose to utilize algorithms to decipher the accurate information reported by [consumer reporting agencies] has no bearing on the accuracy of the report itself.") (internal citations removed).

The reports were also not materially misleading.  For a credit report to be materially misleading, it must be "so misleading that it is objectively likely to cause the intended user to take adverse action against its subject."  *Erickson*, 981 F.3d at 1251.  The statement that Plaintiff's account lacks recent revolving information does not meet this high bar.  *C.f. id.* (report stating plaintiff was a sex offender because it confused him with another individual with the same name was not "materially misleading").  Additionally, although Plaintiff argues that the reports were misleading

---

[1] The CRAs were required to list these "key factors" under the FCRA.  *See* 15 U.S.C. § 1681g(f)(1)(C).

because they depicted "only a portion" of his credit history and did not include a disclaimer that authorized user cards were not factored into his credit score, the cases he cites to support this theory are not applicable – they analyzed the liability of defendants who reported materially misleading information to CRAs, or CRAs that received and reported this information after they knew it was inaccurate. *See Abukhodeir v. AmeriHome Mortg. Co.*, No. 8:21-cv-563-WFJ-JSS, 2021 WL 3510814, at *4 (M.D. Fla. Aug. 10, 2021 (finding that the servicer of a plaintiff's home mortgage loan could be liable for inaccurately reporting to CRAs that a plaintiff had made late payments); *Bush v. Roundpoint Mortg. Serv. Corp.*, 122 F. Supp. 3d 1347, 1348 (M.D. Fla. 2015) (mortgage agency defendant was liable for mishandling mortgage statements and making misleading statements to CRAs regarding this mishandling); *Klein v. Navient Sols., LLC*, No. 8:20-cv-876-T-24 SPF, 2020 WL 3414990, at *4-5 (M.D. Fla. June 22, 2020) (finding a loan agency had made a materially misleading report to CRAs and the CRAs could be liable for continuing to report the inaccurate information after the plaintiff had disputed it with them); *Sullivan v. Experian Info. Sols.*, No. 16-11719-MLW, 2020 WL 6111015, at *4-5 (D. Mass. Oct. 16, 2020) (mortgagor reported to CRAs that the plaintiff's loan was late but did not report that his personal obligations had been discharged in bankruptcy).

Plaintiff has therefore failed to allege that the consumer reports were inaccurate.

### *The Reasonableness of the Procedures*

Plaintiff also argues that the CRAs' reliance on FICO algorithms to generate credit reports is not reasonable. While the reasonableness of a CRA's procedures

typically presents a factually intensive inquiry best resolved at the summary judgment stage or trial, *see Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 947 (11th Cir. 2021), resolution on the pleadings is appropriate when a consumer wholly fails to explain why a CRA acted unreasonably. *See Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1320, 1328 (S.D. Fla. 2011). Here, the authority Plaintiff cites to support the CRAs' alleged unreasonableness is not analogous to the present case. *See Banuchi v. Equifax Info. Sols.*, No. 6:22-cv-588-GAP-EJK (M.D. Fla. June 15, 2022) (holding CRAs could be liable for obvious inconsistencies in credit reports, such as misspelled names that directly contradicted other lines within the same report). In this case, the commentary on the report regarding "lack of recent revolving account information" aligns with Plaintiff's allegation that FICO automotive scoring algorithms exclude authorized user accounts. These differences are thus not "anomalies," as claimed by Plaintiff. Plaintiff has failed to sufficiently allege that the CRAs' procedures were unreasonable under § 1681e(b).

## Conclusion

Plaintiff has failed to sufficiently plead his claims against the CRA Defendants, which are based on a novel theory of law. Plaintiff has failed to support this theory with either case law or applicable provisions of the FCRA. As a result, Plaintiff's claims against Defendants Experian, Equifax, and Trans Union are dismissed with prejudice.

Accordingly, it is **ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant Equifax Information Services, LLC, Experian Information Solutions, LLC, and Trans Union LLC's Joint Motion to Dismiss Plaintiff's Amended Complaint" (Doc. 46) is **GRANTED.**

2. Counts 1, 2, 3, 4, 5, and 6 of Plaintiff's amended complaint are **DISMISSED WITH PREJUDICE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of November, 2024.

*[signature]*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**