UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT BAKER III,

    Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES, LLC, EXPERIAN
INFORMATION SOLUTIONS,
INC., FAIR ISAAC CORPORATION,
and TRANS UNION LLC,

    Defendants.

Case No. 8:24-cv-434-TPB-CPT

_____/

**ORDER GRANTING "FICO'S MOTION TO DISMISS AMENDED COMPLAINT"**

This matter is before the Court on "FICO's Motion to Dismiss Amended Complaint," filed by counsel on June 3, 2024. (Doc. 55). On June 27, 2024, Plaintiff Robert Baker III filed a response in opposition to the motion. (Doc. 64). On August 20, 2024, the Court held a hearing to address this and other matters. (Doc. 66). After reviewing the motion, response, testimony, evidence, legal arguments, court file, and the record, the Court finds as follows:

**Background**[1]

Plaintiff brought suit against Defendant Fair Isaac Corporation ("FICO") for defamation and negligence, and against three credit reporting agencies (CRAs),

---

[1] In addition to the written filings, the Court also considers the arguments made by counsel during the August 20, 2024, oral argument on FICO's motion to dismiss.

Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC, for violations of the Fair Credit Reporting Act ("FCRA").

From January 1, 2023, through September 13, 2023, Plaintiff sought financing for an automobile. He visited multiple dealerships and sought financing approval from several lenders. All of them denied Plaintiff financing after receiving reports from Defendants Equifax, Experian, and Trans Union (collectively, "CRA Defendants").

Plaintiff contends these reports were inaccurate, because they listed a "lack of recent revolving information" as a "key factor" affecting his score. Plaintiff was an authorized user of two revolving credit cards at the time, and both were listed on his consumer reports. Therefore, Plaintiff alleges that the statements about a lack of recent revolving information were inaccurate and violated § 1681e(b)'s requirement that CRAs "follow reasonable procedures to assure maximum possible accuracy" of information they report.

Fair Isaac filed this motion to dismiss, arguing that Plaintiff lacks standing and has failed to state claims for defamation and negligence.[2]

## Analysis

After reviewing the first amended complaint, the Court concludes Plaintiff has not plausibly alleged a claim against FICO. Though several arguments were raised, the Court will focus on three arguments: (1) whether Plaintiff plausibly alleged FICO's scoring models did not consider his authorized user revolving

---

[2] The CRA Defendants filed a joint motion to dismiss (Doc. 46), which the Court separately addressed. *See* (Doc. 68).

accounts, (2) whether FICO published a false statement about Plaintiff, and (3) whether FICO owed Plaintiff a duty.

## *Failure to State a Claim*

In considering the first amended complaint, this Court must accept the factual allegations as true. *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1262-63 (11th Cir. 2004). That said, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Considering the well-pled allegations, this Court must then determine whether Plaintiff has "state[d] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.*

The Court concludes Plaintiff has not plausibly alleged a claim against FICO. His case is premised on the contention that the FICO scoring models did not consider revolving accounts on which he is an authorized user. But Plaintiff has not provided any factual basis to support this conclusory allegation. Plaintiff's argument hinges on the "key factor" in his credit report that states his score was not higher, in part, due to "lack of recent revolving information," which he asks the

Court to read as meaning that *no* recent revolving information was considered. But "lack of" does not mean "none"; it means "deficient," "to be short," or to "have need of something." *See Lack*, Merriam-Webster, https://www.merriam-webster.com/dictionary/lack (last visited Aug. 22, 2024). Because Plaintiff has, at best, only raised the mere possibility that FICO's scoring models did not consider revolving accounts on which he was an authorized user, the Court concludes Plaintiff has failed to plausibly allege facts necessary to support either a defamation or negligence claim against FICO. This alone requires dismissal of the claims against FICO.

*Publication of a False Statement*

The Court also separately concludes Plaintiff has failed to state a claim for defamation. To establish a defamation claim, Plaintiff had to plausibly allege each of these elements: "(1) publication; (2) falsity; (3) the statement was made with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) the statement must be defamatory." *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018) (citing *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008)). Here, Plaintiff has not plausibly alleged that FICO published his credit report or that it was false.

As to publication, Plaintiff makes a novel argument that FICO published his credit score and "key factors" via its algorithm. There is no legal support for this argument. Defamation is an intentional tort that requires a defendant to

communicate a statement to a third-party. *See Fla. Dep't of Corr. v. Abril*, 969 So. 2d 201, 206 (Fla. 2007) (describing defamation as an intentional tort); *Hoch v. Loren*, 273 So. 3d 56, 57 (Fla. 4th DCA 2019) (explaining publication requires communication). But as Plaintiff's allegations make clear, FICO was unaware of the fact that the CRA Defendants had generated Plaintiff's credit reports. Plaintiff has provided no authority for the proposition that FICO communicated a statement about him, as a matter of defamation law, when one of the CRA Defendants unilaterally used licensed software to generate a credit score without FICO's knowledge or awareness.

Moreover, Plaintiff has not plausibly alleged the credit reports were false. Plaintiff's argument here, again, hinges on the allegation that the "lack of recent revolving information" factor in his credit report indicates that no recent revolving information was considered by FICO's algorithm. As explained in the preceding section, however, this allegation has not been plausibly plead.

Because Plaintiff has not alleged that FICO published a false statement about him, the Court concludes he has failed to state a claim for defamation.

### *Negligence and Duty*

Lastly, as to his negligence claim, Plaintiff failed to allege that FICO owed him a duty to protect him from the economic and emotional distress damages he claims. The sole basis Plaintiff pleaded in attempting to establish that FICO owed him a duty is that he was within a "zone of risk" and, thus, his alleged injury was foreseeable.

Plaintiff's duty allegation fails as a matter of Florida law.  First, "Florida courts limit the zone-of-risk doctrine to non-economic injuries." *In re Jan. 2021 Short Squeeze Trading Litig.*, 76 F.4th 1335, 1354 (11th Cir. 2023); *see also Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1339 (11th Cir. 2012) ("Where the plaintiff seeks only the recovery of an economic loss, the duty element of negligence law serves as an important barrier to over-extension of liability.").  Accordingly, Plaintiff's claim for economic damages under a "zone of risk" theory is prohibited.

Second, Plaintiff's claim for emotional distress damages is barred by Florida's impact rule, which precludes recovery for emotional distress damages when the plaintiff "has not sustained any physical impact or contact."  *Willis v. Gami Golden Glades, LLC*, 967 So. 2d 846, 850 (Fla. 2007); *see also Lincoln v. Fla. Gas Transmission Co. LLC*, 608 F. App'x 721, 723 (11th Cir. 2015) (applying Florida's impact rule to conclude the plaintiff "failed to allege any facts giving rise to a duty on the part of [the defendant] to protect him from mental and emotional harm."). Because Plaintiff has not pleaded FICO owed him a duty to protect against either his economic or emotional distress damages, Plaintiff failed to state a negligence claim against FICO.

## Conclusion

Plaintiff failed to plausibly allege that he was harmed by FICO.  The premise of his defamation and negligence claims is unsupported and conclusory, and therefore fails the plausibility standard, requiring dismissal of his complaint for failure to state a claim.  Moreover, he has failed to plausibly state essential

elements of a claim for defamation or negligence, which provides an independent basis for dismissal of those claims. And under the facts presented here, there is no way Plaintiff could state a claim for defamation or negligence, so allowing an opportunity to file an amended complaint would be futile. As such, the Court concludes Plaintiff's claims against FICO must be dismissed with prejudice.

Accordingly, it is **ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendant Fair Isaac Corporation's Motion to Dismiss (Doc. 55) is **GRANTED**.

2. Counts 7 and 8 of the Amended Complaint (Doc. 42) are **DISMISSED WITH PREJUDICE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of November, 2024.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**